## ALFRED WOLF v. PUBLIC SERVICE RAILWAY COMPANY.

Decided June 22, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the rule, *Henry H. Fryling.*

*Contra, Charles W. Letzgus.*

PER CURIAM.

About eleven o'clock in the morning of May 24th, 1924, the plaintiff, while driving out of a private lane leading from the home of one Howey to a public highway, known as Mantua Pike, in Deptford township, Gloucester county, collided with a trolley car of the defendant company, which was being operated upon said highway. He brought suit for the injuries received by him in the collision, and for the damage done to his wagon and harness and one of the horses which he was driving. The jury rendered a verdict in his favor.

The principal contention on the part of the defendant is that the verdict of the jury in imposing liability for the accident upon the driver of the trolley car was contrary to the great weight of the evidence. We think this contention well founded. As the plaintiff was coming out of the lane the trolley car was approaching from his left. His story upon the witness-stand was that when he got about within ten feet of the track he stopped his team, and looked both to his right and to his left, but saw no trolley car approaching in either direction. He further testified that, before and when he reached the point where he stopped, his view toward the left was obstructed by a sand bank and some bushes and trees. The great weight of the evidence is contradictory of his statement as to his inability to see the approaching trolley car. Among other witnesses testifying on this point was Mr. Howey, the owner of the premises which the plaintiff was leaving, and who was called by him as a witness. Howey testified that this bank which the plaintiff said obstructed his view when he stopped to look was at its highest point about six feet, but that it came down to the level of the ground around it about thirty or forty feet from the railroad track, and that there was nothing from that point to the public road in the shape of bushes or trees or anything else to obstruct a clear view to the left. The testimony above referred to clearly indicates that the collision was largely the result of the plaintiff's own negligence.

For this reason the rule to show cause will be made absolute.